McDonald, j.
|aThis is an appeal from a judgment of the Nineteenth Judicial District Court that sustained an objection raising the exception of lack of subject matter jurisdiction over judgments rendered by the Office of Workers’ Compensation and ordered the matter transferred to this court. The plaintiffs appealed that judgment. The plaintiffs also filed a motion with this court asking to file a June 6, 2005 notice of judgment from OWC case 03-01147 as an attachment to their brief. We affirm the district court’s judgment sustaining the objection raising the exception of lack of subject matter jurisdiction, vacate the order transferring the matter to this court, and deny the plaintiffs’ motion to file an attachment to their brief.
On October 16, 2008, John H. Brown, and his children Stephanie Brown and Douglas Brown, filed a lawsuit styled as a “Petition For Judicial Review” in the Nineteenth Judicial District Court. Mr. Brown named as defendants the Louisiana Restaurant Association Self Insurers Fund and La Riviera Restaurant, and requested a review of his OWC cases: 08-02015, 07- *1252 01854, 03-01147, 03-02046 and 98-01247. He asserted that his workers’ compensation benefits were taken from him without due process. The defendants filed objections raising the exceptions of lack of subject matter jurisdiction, res judicata, no right of action, insufficiency of citation, and insufficiency of service of process, as well as a motion for contempt of court.
After a hearing on February 25, 2013, the district court sustained the defendants’ objection raising the exception of lack of subject matter jurisdiction and ordered the matter transferred to this court pursuant to La. C.C.P. art. 932B, which provides that if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice. The plaintiffs appealed that judgment. The defendants re-urged the same exceptions on appeal.
| .¡Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of action or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.
. [1] Louisiana Revised Statutes 23:1310.5B provides that “The decision of the workers’ compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal.” This court previously found, ex proprio motu, on a rule to show cause why appeal should not be dismissed, that the OWC’s May 10, 2005 judgment dismissing Mr. Brown’s claims for workers’- compensation benefits was a final, appealable judgment. The OWC’s May 10, 2005 judgment finding that Mr. Brown committed fraud was also a final appealable judgment. The delays in the case expired before Mr. Brown filed his motion for appeal on March 2, 2006, thus, he failed to obtain timely an order of appeal as to the judgment signed on May 10, 2005, and his appeals of that judgment were therefore dismissed. John H. Brown v. La Riviera Restaurant, 2007 CA 0117 c/w 2007 CA 0118 (La.App. 1 Cir. 6/26/07). Mr. Brown applied for a writ of certiorari to the Louisiana Supreme Court, which was denied. John H. Brown v. La Riviera Restaurant, 2007-1728 (La.11/2/07), 966 So.2d 608.
After the district court determined that it lacked subject matter jurisdiction, it should have dismissed the matter. The trial court erred in transferring the matter to this' court. See La. R.S. 23:1310.5B. Mr. Brown has attempted to file what amounts to an untimely appeal of his workers’ compensation case by styling it as a “request for judicial review” under the Administrative Procedure Act and filing it in the Nineteenth Judicial District Court.
We affirm the district court’s judgment sustaining the objection raising the exception of lack of subject matter jurisdiction and we vacate the order transferring |4the matter to this court. The plaintiffs’ motion to file an attachment to their brief is denied. Costs are assessed against the plaintiffs.
JUDGMENT AFFIRMED IN PART AND VACATED IN PART; MOTION DENIED.